IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| STELLAR-eMARKETING, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-01130 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| CINDY KOLAT, individually; | ) | MAGISTRATE JUDGE BROWN |
| MERCEDES RESTORATION, LLC, | ) | |
| d/b/a MR. RESTORE; JOB-DOX, | ) | |
| LLC; and CLINT W. JUNELL, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion to Confirm Arbitration Award. (Doc. No. 62) and Defendants' Motion to Vacate Arbitration Award. (Doc. No. 71). The parties each filed memoranda in support of their respective positions. (Doc. Nos. 69, 73, 74).

For the reasons below, Plaintiff's motion to Confirm Arbitration Award (Doc. No. 62) is **GRANTED**, and Defendants' Motion to Vacate Arbitration Award (Dos. No. 71) is **DENIED**.

### I. BACKGROUND

Plaintiff filed this lawsuit against Defendants Mercedes Restoration LLC, d/b/a Mr. Restore, Job-Dox, LLC, Clint Junell, and Cindy Kolat on August 9, 2017, alleging breach of contract, breach of duty of loyalty, tortious interference with contract, violations of the Tennessee Uniform Trade Secrets Act ("TUTSA"), Tenn. Code Ann. § 47-25-1701 *et seq*., and civil conspiracy. (Doc. No. 1). Plaintiff's relief sought included compensatory damages and attorneys' fees. (*Id*.) The claims against Mercedes Restoration LLC, Job-Dox LLC, and Clint Junell ("Defendants") were referred to arbitration pursuant to the contracts between Plaintiff and these

1

defendants and the agreement of the parties.[1] (Doc. No. 30). On December 1, 2017, Plaintiff filed a claim with the American Arbitration Association ("AAA"), seeking damages for breach of contract, trade secret violations, and conversion.[2] (*See* Doc. No. 69-3 at 2). Plaintiff's arbitration claim expressly sought attorneys' fees and arbitration costs. (*Id*.).

At the conclusion of the arbitration proceedings, the arbitrator awarded Plaintiff compensatory damages for claims of breach of contract and violation of the Tennessee Uniform Trade Secrets Act ("TUTSA"), attorneys' fees, and costs and expenses. (Arbitration Award, April 15, 2019, Doc. No. 63-1). The total award was apportioned as follows:

| Economic Damages | $42,016.00 |
| --- | --- |
| Attorneys' fees | $48,301.32 |
| Costs and Expenses | $2,122.02 |
| Arbitrator Fees and AAA Administrative Fees | $11,037.50 |
| Costs and Expenses Paid Directly by Stellar to Third-Party Vendors | $7,309.08 |
| **Total Award** | **$110,785.92** |

Plaintiff immediately moved to confirm the arbitration award. (Doc No. 62, Apr. 25, 2019). On May 6, 2019, Defendant filed an Appeal of Award with the AAA, arguing that the award of attorneys' fees and costs was outside the scope of the authority granted to the arbitrator through the contract to arbitrate. (Doc. No. 69-1). The arbitrator also denied the request for modification, finding that Defendants were requesting a modification of the merits of the award and that the arbitrator "is not empowered to redetermine the merits of any claim already decided."

---

[1] Defendant Cindy Kolat is not party to the arbitration agreement and the claims against her were not submitted to arbitration. On June 16, 2018, the Court stayed this case as to all parties pending the result of arbitration. (Doc. No. 59). On May 21, 2019, the stay was lifted so that the Court could consider the instant motions. (Doc. No. 68).

[2] The procedural history of this case before the arbitrator is taken from the arbitrator's Ruling on Appeal. (Doc. No. 69-3).

(Doc. No. 69-3, May 8, 2019). The arbitrator continued, "Here, even if the award of Attorney's Fees, Costs and Expenses, Arbitrator Fees and AAA Administrative Fees was erroneously awarded, (1) [Defendants] waived any right to raise this issue on "appeal" or pursuant to Rule 50, (2) never presented any defenses, evidence, or law to support this interpretation of the contract, and (3) the requested relief would not correct clerical, typographical, or computational errors in the award, but instead would be tantamount to redetermining the merits of the claim." (*Id.*). The arbitrator also noted that although all three Defendants are represented by the same counsel, only two of the three defendants would benefit from a ruling in their favor. (*Id.*). The arbitrator found that the third Defendant, Clint Junell, was not in contractual privity with Plaintiff and therefore not subject to arguable damages limitations in the contract, would be left solely responsible for the entire award of attorneys' fees and costs. (*Id.*).

After receiving the arbitrator's Ruling on Appeal (Doc. No. 69-3), Defendants filed the instant Motion to Vacate Arbitration Award (Doc. No. 71), raising the same issue as was presented to the arbitrator on appeal—the arbitrator exceeded the scope of authority under the contract by awarding attorneys' fees and costs.

## II. ANALYSIS

### A. Choice of Law

The parties have cited both federal and Tennessee arbitration statutes—Plaintiff seeks confirmation of the arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Defendants seek to vacate the arbitration award pursuant to the Tennessee Uniform Arbitration Act, Tenn. Code Ann. § 29-5-313 (Doc. No. 71).

The FAA applies to contracts "evidencing a transaction involving commerce." *See Frizzell Const. Co., Inc. v. Gatlinburg, L.L.C.*, 9 S.W.2d 79, 83-84 (Tenn. 1999) (applying FAA to contract

involving interstate commerce to "ensure that the arbitration agreement between the parties is enforced according to its terms"). Here, the claims at issue involve contracts for internet marketing services between parties in Texas and Tennessee and is therefore "a transaction involving commerce." *See Georgia Power Co. v. Cimarron Coal Corp.*, 526 F.2d 101, 107 (6th Cir. 1975) (affirming the application of the FAA to transactions involving commerce).

"Although the FAA generally preempts inconsistent state laws and governs all aspects of arbitrations concerning 'transaction[s] involving commerce,' parties may agree to abide by state rules of arbitration, and 'enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA.'" *Savers Prop. & Cas. Ins. Co. v. Nat'l Union Fire Ins. Co.*, 748 F.3d 708, 715-16 (6th Cir. 2014) (citing *Muskegon Cent. Dispatch 911 v. Tiburon, Inc.,* 462 F. App'x 517, 522–23 (6th Cir.2012)). In deciding whether to apply the FAA or state law, "the central inquiry in this choice-of-law determination is whether the parties unambiguously intended to displace the FAA with state rules of arbitration." *Id*.

The choice of law provision in the contract states: "This Agreement shall be governed in accordance with the laws of the State of Tennessee. All disputes under this agreement shall be resolved by litigation in the courts of the State of Tennessee including the federal courts therein …" (Doc. No. 63-2, ¶ 17). The plain language in the contract does not evidence a clear intent to apply state rules to the arbitration. There is no specific reference to the Tennessee Uniform Arbitration Act or other indication that the laws of Tennessee should apply specifically to the arbitration. In the absence of clear intent of the parties to apply Tennessee law to the arbitration, as opposed to just the contract, the Court will apply the federal law to the arbitration review.[3]

---

[3] For purposes of the pending motion, there is no relevant difference between the federal and state law. The Tennessee Uniform Arbitration Act ("TUAA"), includes mandatory language, "the court shall confirm an award, unless, within the time limits hereinafter imposed, grounds are urged for vacating or modifying or correcting an award …" Tenn. Code Ann. § 29-5-312. Under the TUAA, as under the FAA,

**B. Standard of Review**

"The Federal Arbitration Act ('FAA') expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). To that end, "[w]hen courts are called on to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American jurisprudence." *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016). The Federal Arbitration Act provides that a court may only vacate an arbitration in the following instances:

(1) Where the award was procured by corruption, fraud, or undue means;

(2) Where there was evident partiality or corruption in the arbitrators, or either of them;

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a).

An objection based on 9 U.S.C. § 10(a)(4) — that an arbitrator exceeded his powers — must meet an exacting test:

> A party seeking relief under [this] provision bears a heavy burden. "It is not enough ... to show that the [arbitrator] committed an error—or even a serious error." Because the parties "bargained for the arbitrator's construction of their agreement," an arbitral decision "even arguably construing or applying the contract" must stand, regardless of a court's view of its (de)merits. Only if "the arbitrator act[s] outside the scope of his contractually delegated authority"—issuing an award that "simply reflect[s] [his] own notions of

---

one of the enumerated grounds for vacating an award is that "the arbitrators exceeded their powers." Tenn. Code Ann. § 29-5-313(a)(1)(C). *See Kahn v. Regions Bank*, 461 S.W.3d 505, 510 (Tenn. Ct. App. 2014) ("the language of the judicial review provision in the TUAA are substantially similar to those in the FAA") (quoting *Pugh's Lawn Landscape Co., Inc. v. Jayson Dev. Corp.*, 320 S.W.3d 252, 259 (Tenn. 2010)).

5

[economic] justice" rather than "draw[ing] its essence from the contract"—may a court overturn his determination. So the sole question ... is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013).

It is well established that a party may waive its objection to the jurisdiction of arbitrators by acquiescing in the arbitration generally or as to specific issue. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 846 (6th Cir. 2003) (considering whether defendant waived objection that arbitrators were without authority to award payment to a third party); *see also*, *Jones Dairy Farm v. Local No. P-1236, United Food and Comm. Workers Int'l Union, AFL-CIO*, 760 F.2d 173, 175 (7th Cir. 1985) ("If a party voluntarily and reservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it.").

**C. Scope of Authority**

"The terms of the contract define the powers of the arbitrator." *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc.*, 442 F.3d 471, 476 (6th Cir. 2006). The contracts between Plaintiff and Defendants state:

> [A]ny controversy or claim arising out of or related to this Agreement, including, without limitation, the interpretation or breach thereof, shall be submitted by either party to arbitration in Davidson County, TN and in accordance with the Commercial Arbitration Rules of the American Arbitration Association … The arbitrator shall have the power to enter any award that could be entered by a judge of the state courts of Tennessee sitting without a jury, and only such power, except that the arbitrator shall not have the power to award punitive damages, treble damages, or any other damages which are not compensatory, even if permitted under the laws of the State of Tennessee or any other applicable law.

(Doc. Nos. 72-3, 72-4).

The scope of the arbitrator's authority is further defined by the Commercial Arbitration Rules (the "Rules") of the American Arbitration Association, which the parties adopted for

purposes of the arbitration. The Rules provide that the arbitrator "shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." American Arbitration Association, Commercial Arbitration Rules and Mediation Procedures ("Commercial Arbitration Rules") (Oct. 1, 2013), Rule 7(a). The Rules further provide that "a party must object to the jurisdiction of the arbitrator or the arbitrability of a claim or counter claim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection." *Id*. at R-7(c). "The award of the arbitrator(s) may include … an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." *Id*. at R-47(d). Finally, the Rules provide that "the arbitrator shall assess the fees, expenses, and compensation …[and] may apportion such fees expenses and compensation among the parties in such amounts as the arbitrator determines is appropriate." *Id*. at R-47(c).

TUTSA provides that a court "may award reasonable attorney's fees to the prevailing party" if: "(1) A claim of misappropriation is made in bad faith, (2) A motion to terminate an injunction is made or resisted in bad faith, or (3) Willful and malicious misappropriation exists." Tenn. Code Ann. § 47-25-1705. Defendants do not dispute that attorneys' fees are an available remedy under TUTSA "that could be entered by a judge of the state courts of Tennessee." Nor do Defendants argues that the arbtrator's award of attorneys' fees did not fall within one of the statutorily enumerated bases for awarding fees. Defendants argue only that the arbitrator exceeded his authority because the arbitration clause in the contract limited the available remedy to compensatory damages. Accordingly, the Court considers only whether the award of attorneys' fees and costs exceeded the scope of authority granted to the arbitrator by the parties in the arbitration clause.

Through their agreement and adoption of the Commercial Arbitration Rules, the parties granted the arbitrator the authority to construe the scope of the arbitration agreement. Commercial Arbitration Rules 7(a). The arbitrator's construction of the contract is entitled to "substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Solvay Pharmaceuticals, Inc. v. Duramed Pharmaceuticals, Inc.*, 442 F.3d 471, 476 (6th Cir. 2006); *see also*, *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("[A]n arbitral decision 'even arguably construing or applying the contract' must stand, regardless of a court's view of its (de)merits.").

Here, the arbitration award evidences consideration of the contractual limits on scope of authority, specifically acknowledging that the arbitrator was without power to award "punitive damages, treble damages, or any other damages which are not compensatory." (Award, Doc. No. 69-3 at 2). The arbitrator was arguably interpreting the contract, particularly the available award, when he decided to award attorneys' fees and costs. Under the highly deferential standard this Court must apply under the FAA, Defendants have not met their burden to show that the arbitrator exceeded his authority when he awarded attorneys' fees and costs to the Plaintiff.

Moreover, Defendants did not object to the arbitrator's consideration of an award of attorneys' fees despite being given many opportunities to do so. As recounted by the arbitrator in the Ruling on Appeal (Doc. No. 69-3), the prospect of an award of attorneys' fees was raised at numerous points during the litigation and arbitration and Defendant never challenged the arbitrator's authority to award fees despite several opportunities to do so. Plaintiff expressly sought attorneys' fees in the original Complaint filed in this Court, and in Plaintiff's Claim and Amended Claim filed with the AAA. At no point did Defendants object to an award of attorneys' fees or costs. On January 4, 2019, Defendants filed their Prehearing Position Statement and did

not dispute that the arbitrator had authority to award attorneys' fees for the TUTSA claim. On February 7, 2019, during the hearing before the arbitrator, CEO of Plaintiff testified that he was seeking compensatory damages and legal costs. Defendants did not object or raise the question of the arbitrator's authority to award attorneys' fees and costs. On April 5, 2019, "after reading [Plaintiff's] post-hearing Closing Brief seeking attorneys' fees under the TUTSA, [Defendants] filed its Final Brief and Award and never raised the issue of whether the above contract language limited recoveries under a breach of contract claim only or also under a TUTSA claim." (*Id*. at 3). Defendants did, however, argue that the attorneys' fees sought were excessive; the arbitrator agreed and reduced the attorneys' fee award by ten percent. (*See* Award, 63-1 at 6; and Ruling on Appeal, 69-3 at 3).

The arbitrator denied Defendants' appeal, which raised for the first time his authority to award attorneys' fees and costs, finding that the determination of the award of attorneys' fees and costs was a merits decision and that Defendants' had waived any right to raise the issue. The waiver applies equally before this Court. Defendants cannot now object to the arbitrator's authority to award fees and costs after failing to raise the issue with the arbitrator in the first instance. *See Nationwide*, 330 F.3d at 846.

Even absent the deference to the arbitrator's interpretation of the contract or defendant's waiver of the issue, the Court finds that the arbitration provision in the contract does not prohibit an award of attorneys' fees. The "cardinal rule [in interpreting contracts] … is to ascertain the intention of the parties and to give effect to that intention, consistent with legal principles." *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc*., 521 S.W.2d 578, 580 (Tenn. 1975). Courts may determine the intention of the parties "by a fair construction of the terms and provisions of the contract, by the subject matter to which it has reference, by the circumstances of the

9

particular transaction giving rise to the question and by the construction placed on the agreement by the parties in carrying out its terms." *Penske Truck Leasing Co. v. Huddleston*, 795 S.W.2d 669, 671 (Tenn. 1990).

The contract terms prohibit punitive damages, treble damages, and "any other damages which are not compensatory." (Doc. Nos. 72-3, 72-4).

The plain language of the term "damages" is: "money claimed by, or ordered to be paid to, a person in compensation for a loss or injury." Black's Law Dictionary (10th ed. 2014). Damages, by its plain meaning, refers to ordinary compensatory damages. Attorneys' fees are not encompassed within the usual meaning of the term "damages." Indeed, the statute pursuant to which attorneys' fees were awarded sets out damages and attorneys' fees in separate sections. *See* Tenn. Code Ann. § 47-25-1704 (damages for misappropriation include actual loss, unjust enrichment, royalties, and exemplary damages) and § 47-25-1705 (attorneys' fees). Like attorneys' fees, costs are not damages. Both the Federal Rules of Civil Procedure and the Commercial Arbitration Rules allow for an award of costs, separate from an award of damages, to the prevailing party. *See* Fed. R. Civ. P. 54(d) (costs other than attorneys' fees); and Commercial Arbitration Rules, R-47(c) ("The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.").

Perhaps more persuasively, the parties conduct in carrying out the terms of the agreement during the arbitration shows the intent of the parties was not to exclude an award of attorneys' fees and costs. As discussed above, the parties participated in the arbitration with attorneys' fees "on the table" throughout. Defendants contested only the amount of attorneys' fees. (*See* Ruling on Appeal, Doc. No. 63-3).

Defendants cite *D&E Const. Co. v. Robert J. Denley Co.*, 38 S.W.3d 513 (Tenn. 2001), in support of their argument that an award of attorneys' fees exceeded the arbitrator's authority. In *D&E Const.*, the court vacated an award of attorneys' fees, finding that an award of attorneys' fees was not with the understanding of the parties. *D&E Const.*, however, involved a breach of contract claim. Under Tennessee law, attorneys' fees are not available for a breach of contract claim unless the parties agree otherwise. In *D&E Const.*, the parties had not agreed, and the court found the arbitrator exceeded his authority by awarding attorneys' fees not within the contemplation of the parties. Conversely, the arbitrator in this case awarded damages under the TUTSA, a statute under which a "judge in the state courts of Tennessee" could have awarded attorneys' fees.

Having considered the contract terms at issue, the Court finds that plain meaning of the terms, together with the conduct of the parties in pursuing attorneys' fees under TUTSA without objection, evidences an understanding that an award of attorneys' fees was within the scope of the jurisdiction granted through the contract to the arbitrator.

### III. CONCLUSION

The Court finds no reason under 9 U.S.C. § 10 to vacate or modify the award. Accordingly, Defendants' Motion to Vacate the Award (Doc. No. 71) is **DENIED**, and Plaintiff's Motion to Confirm Arbitration Award (Doc. No. 69) is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE